# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLAINE KOBY GHOLSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> REBECCA ANDREWS and ZACHARY ) <br> KENNEDY, ) <br> ) <br> Defendants. ) | Civil Action No. 18-1632 <br> Judge Arthur J. Schwab/ <br> Magistrate Judge Maureen P. Kelly <br><br> Re: ECF No. 1 |

## MEMORANDUM ORDER

Blaine Koby Gholson ("Plaintiff"), is pro se litigant, currently housed in the State Correctional Institution at Pine Grove ("SCI-Pine Grove"). Plaintiff has filed a Motion for In Forma Pauperis status ("IFP Motion"), ECF No. 1, in order to prosecute a prisoner civil rights complaint. This civil rights action was received by the Clerk of Court on December 6, 2018, and was referred to United States Magistrate Judge Maureen P. Kelly for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72 of the Local Rules for Magistrate Judges.

The Magistrate Judge's Report and Recommendation, ECF No. 2, was filed on December 21, 2018, and recommended that Plaintiff's IFP Motion be denied. Service was made on the Plaintiff at his address of record. Plaintiff was given until January 7, 2019 by which to file objections. Pursuant to the prisoner mail box rule, Plaintiff filed timely Objections, ECF No. 3, which, for the reasons below will be overruled.

As noted in the Report, Plaintiff consistently had a balance of over $3,000.00 in his inmate account from November 1, 2017, ECF No. 1 at 3, up until October 19, 2018, id. at 14.

Indeed, Plaintiff concedes in his Objections that as of January 2, 2019, Plaintiff had somewhat less than $1,557.00 in his prison account, which we deem to constitute a sum more than sufficient to pay the entire filing fee. ECF No. 3, ¶ 1.

However, Plaintiff complains that he owes more than $4,000 dollars in restitution and court fees. Id. ¶ 2. While he may have such obligations, we note that there have been no deductions from Plaintiff's inmate account to pay those obligations and therefore, we find the balance in his inmate account sufficient and available notwithstanding these "obligations" that have heretofore not been enforced against Plaintiff. Moreover, notwithstanding these "obligations," he paid the full filing fee in another civil action that he recently filed in this Court. Gholson v. Sheeder, No. 18-cv-1289 (W.D. Pa. ECF No. 16, filing fee paid 10/29/2018).

Next, Plaintiff complains that he has to pay roughly $300.00 a month in medical fees, which involves the payment for medical services in connection with Plaintiff refusing to eat and, therefore, requiring that the Department of Corrections feed Plaintiff through a medical tube. Id. (ECF No. 1 ¶ 50 -52). Given that the requirement of paying the medical bills is within Plaintiff's control, namely, he can cease to refuse food, we do not find this cited reason for granting him IFP status particularly persuasive. Nor does he say how much longer into the future such payments will be required. As of January 2, 2019, he had around $1,557.00 in his inmate account, a sum more than sufficient to pay the filing fee.

Plaintiff also complains that he is in the restricted housing unit and cannot earn any more money and, furthermore, the people who have been sending him money no longer do so because he no longer communicates with those people. ECF No. 3 ¶¶ 4 – 5. Given the amount of cash currently available as of January 2, 2019, we find Plaintiff's potential future "indigency" as a

2

result of him not being able to earn money at a prison job and his not receiving money from outside sources unpersuasive as to entitling him to now proceed as a pauper herein.

Accordingly, in the sound exercise of our discretion, Cotto v. Tennis, 369 F. App'x 321, 322 (3d Cir. 2010) ("We review the denial of leave to proceed IFP for abuse of discretion."), and after providing de novo review of the IFP Motion, the Report and the Objections thereto, we overrule the Objections and find that Plaintiff has not met his burden to show entitlement to IFP status.

Therefore, **IT IS HEREBY ORDERED** that Plaintiff's IFP Motion is DENIED,

**IT IS FURTHER ORDERED** the Report and Recommendation, ECF No. 2, filed on December 21, 2018, by Magistrate Judge Kelly, is adopted as the opinion of the court.

**IT IS FURTHER ORDERED** that Plaintiff shall pay the entire filing fee of $400.00 by February 1, 2019 or the case will be dismissed without further warning for failure to prosecute.

By the Court:

Arthur J. Schwab
United States District Judge

Dated: January 10, 2019

cc: The Honorable Maureen P. Kelly
United States Magistrate Judge

BLAINE KOBY GHOLSON
HJ 8101
SCI PINE GROVE
191 FYOCK ROAD
INDIANA, PA 15701

3